LAWRENCE RYAN

*v.*

STATE OF ILLINOIS.

*Opinion filed January 19, 1921.*

DEPUTY WARDEN—*State not liable for family expense.* While the statute fixes the salary of a deputy warden at the State Penitentiary it does not provide for the payment of the supplies, necessaries and expenses of his family.

POWER TO PURCHASE—*when State officer is unauthorized to purchase.* A State officer cannot voluntarily make himself a purchasing agent of the State, unless expressly authorized by statute to do so.

Edward J. Brundage, Attorney General, for State.

Lawrence Ryan, claimant, was appointed Deputy Warden of Joliet State Penitentiary June 16th, 1915, and filled the position until October 20th, 1915, when he was transferred to Southern Illinois Penitentiary at Chester. He goes into minute detail of all the incidents connected with the said transfer, which deem unimportant, and not helpful in reach a conclusion as to his right of recovery herein.

He was appointed Deputy Warden at Southern Illinois Penitentiary and assumed the duties of that office at once. After his transfer, as aforesaid, it seems that it was, and is the custom of the Commissioners of the Joliet Penitentiary to furnish the Deputy Warden his provisions, and that it never had been the custom of the Commissioners of the Southern Illinois Penitentiary to do so.

We assume (with what little knowledge we have outside of the evidence) that each of these institutions were furnished a residence for the Warden, built at, or within the prison walls by the State. When claimant went down to Chester to assume his duties as Deputy Warden of the Southern Illinois Penitentiary, he found that he needed new articles of furniture, stove, curtains, etc., for his comfort in keeping house. He accordingly purchased and paid for same. He bought his provisions for sustenance of life, some from various stores up in the city of Chester, some from the country, and some from the Commissary Department of the Penitentiary.

He later makes demand upon the Commissioners to re-imburse him for amount he thus paid out. He does not endeavor to make an itemized statement or file a bill of particulars of the various items constituting claim, but files this "Statement of Claim."

Paid by petitioner to Southern Illinois Penitentiary for groceries and other provisions from March 22, 1916 to June 30th, 1917............................................. $454.68
Expended for groceries and other provisions purchased of stores in Chester ........................................ 188.47
Paid for furniture for Warden House, etc.................. 79.55
Expended for bed linens, towels, etc., for Deputy House..... 25.00
To furniture for same purchased in Chicago................ 47.50
To Curtains for same..................................... 4.50
To electric stove, etc................................... 18.75
To repairs for same...................................... 3.75
Paid out for household help.............................. 120.00
Expense trip to Chicago, to interview President Civil Service Commission relative to transfer of petitioner, etc......... 25.00
Trip to Springfield to see the Governor, relative to this matter 10.00

    Total .............................................. $978.85
    CREDITS:
By furniture removed by petitioner when leaving Chester.... $87.25
By cash received for stove sold.......................... 10.00
Reward received of Government for return of deserter....... 50.00

                           $147.25
Balance due petitioner ................................. 831.70

                           $978.85

Many letters of correspondence are introduced which are not competent evidence in the case. The statute clearly fixes the salary and compensation to be paid to the Deputy Warden; but nowhere do we find any provision in the statute at the time covered for which claimant claims compensation, authorizing the Commissioners to furnish provisions to the Deputy Warden and his family. It had never been done for any of his predecessors and the Commissioners, we think properly refused the claimant.

Claimant does not attempt to show by his books, if he kept any, or by receipts, if he took them, all these amounts he paid out, to whom paid, when paid, and what items constituted those various charges, except he does itemize as to the furnishings of the Warden House. The claimant regrets that he can furnish no precedent upon which to base his claim. We are also lost in our search for a precedent on all fours with this case. It is clear then that we must establish a precedent in by our opinion in this case.

An officer of the State cannot voluntarily and arbitrarily make himself a Purchasing Agent of the State, nor purchase of the State unless expressly authorized by statute to do so. To permit a person holding a minor office, as Deputy Warden, arbitrarily to buy and furnish articles of furniture or other house or office furnishings for any State institution, pay the price for same, and then demand that the State re-pay him the price he paid, would be to establish a very bad

precedent. There is no law authorizing this, no difference how much he was in need of the same. Such matters were within the powers of the Commissioners. They only could delegate him such power to purchase. The Commissioners of the Penitentiary had no express statutory power to furnish the Deputy Warden and his family provisions for the table. If they had an implied power or authority to do so, it would seem to be discretionary with them in the premises. They declined to furnish such supplies and in doing so, we do not think they abused such discretionary powers.

The Attorney General states that the evidence is meager and unsatisfactory, and in that, we concur with him.

October 8th, 1917, "The Department of Public Welfare" of Illinois, by Special Order No. 899, the Deputy Warden of Southern Illinois Penitentiary and his family were to be allowed the use of the residence of Deputy Warden, and allowed to draw supplies from the Penitentiary store room not exceeding $35.00 for each calendar month. There was no provision or regulation up to that date, making any allowance for supplies for Deputy Warden of The Southern Illinois Penitentiary. In view of the foregoing, the demurrer will be sustained, and the case dismissed.